IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JOSHUA ERIC HAWK CLARK**            **PETITIONER**

**V.**            **NO: 3:22-cv-76**

**COMMISSIONER OF THE MISSISSIPPI**            **RESPONDENTS**
**DEPARTMENT OF CORRECTIONS and**
**the ATTORNEY GENERAL OF THE**
**STATE OF MISSISSIPPI**

### MEMORANDUM OPINION

This matter comes before the court on the petition of Joshua Eric Hawk Clark for a writ of *habeas corpus* under 28 U.S.C. § 2254. Petitioner has moved for a stay of the case to allow him to exhaust state court remedies. (ECF No. 7). The State has moved to dismiss the petition for failure to exhaust state court remedies. (ECF No. 9). For the reasons set forth below, Petitioner's motion will be denied; the State's motion will be granted; and Petitioner's petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies.

### Facts and Procedural Posture

In March 2008 Petitioner Clark was charged with murder in the second degree. (ECF No. 1, PageID.1). He was tried and convicted in the Itawamba County Circuit Court (ECF No. 1-2). A sentence of forty years without probation or parole was imposed. (ECF No. 1, PageID.2). He appealed his conviction. (*Id.*) The Mississippi Court of Appeals reversed "on the grounds that there was no reliable basis for the opinion of the State's expert … that the child died from Shaken Baby Syndrome" while in the Petitioner's custody. (*Id.*) The Mississippi Supreme Court granted certiorari and reversed the Court of Appeals. (*Id.*) Petitioner has filed a petition for post-conviction

relief in the Mississippi Supreme Court to exhaust his state court remedies. (*Id.*) Petitioner states that he has filed this federal habeas corpus action "to avoid a contention that Clark did not meet the federal habeas corpus one-year statute of limitations." (*Id.*)

Petitioner premises his Petition on three claims:

| | |
|---|---|
| Ground One: | Refusal to apply the standards of Miss. R. Evid. 702 in this criminal case when these standards are applied in civil cases, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution. |
| Ground Two: | Failing to require the trial court to conduct a reliability analysis before admitting expert opinion against a criminal defendant violates *Mathews v. Eldridge*, 424 U.S. 319 (1976). |
| Ground Three: | Lakin's testimony was insufficient to establish guilt beyond a reasonable doubt as required by the due process clause of the Fourteenth Amendment. |

The matter is before the Court on Petitioner's Motion to Stay and Respondents' Motion to Dismiss for lack of exhaustion.

**1. Motion to Stay**

Petitioner asks the Court to stay and hold his federal petition for a writ of *habeas corpus* in abeyance while he exhausts his claims in state court. The Court may grant such a stay under limited circumstances. *See Rhines v. Weber*, 544 U.S. 269 (2005). Courts most often consider this remedy when dismissal of the petition might result in the petitioner losing his opportunity for federal review of his claims because a second petition, filed after the claims have been presented to the state court, would be barred under the AEDPA's one-year limitations period. *Id.* at 274–77. The Supreme Court has cautioned, however, that "stay and abeyance should be available only in limited circumstances" because a "stay and abeyance has the potential to 'frustrate AEDPA's objection of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings.'" *Williams*

*v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) (citing *Rhines,* 544 U.S. at 277). The Fifth Circuit has further explained that the granting of a stay "effectively excuses a petitioner's failure to present his claims first to state court[.]" *Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005). Therefore, a stay is only appropriate when the petitioner can show good cause for failure to exhaust his claims in state court first. *Id*. at 277.

Mr. Clark states that he seeks a stay "to avoid any argument by the State that the statute of limitations [has] expired." (ECF No. 7, PageID.63). Mr. Clark confronts no such risk. The Mississippi Supreme Court affirmed Mr. Clark's direct appeal on February 4, 2021, and the Mississippi Supreme Court denied his motion for rehearing on May 6, 2021. (ECF No. 8-1, PageID.81). Mr. Clark petitioned the U.S. Supreme Court for certiorari, which the U.S. Supreme Court denied on November 8, 2021. (ECF No. 8-2, PageID.91). The limitations period for seeking federal habeas review began to run no earlier than November 8, 2021, and the federal habeas limitations period is tolled under 28 U.S.C. § 2244(d)(2) while any properly filed motion for post-conviction relief is pending in state court. The record reflects that Mr. Clark filed his state court post-conviction action on May 6, 2022, approximately six months into the one-year federal statute of limitations period. Accordingly, Mr. Clark has months to file a federal habeas petition based on exhausted claims after the state court issues its final determination. To the extent Mr. Clark is concerned that dismissal of his petition without prejudice for lack of exhaustion would require him to obtain leave to file a successive petition, he is mistaken. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."). Petitioner has not demonstrated good cause for the stay and abeyance he requests. He is not entitled to the relief he seeks.

**2. Motion to Dismiss without Prejudice for Lack of Exhaustion**

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>     (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal *habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted). The petitioner must present these claims to

the Mississippi Supreme Court in a procedurally proper manner before he may proceed with the instant petition.

It is undisputed that Mr. Clark's petition raises only unexhausted issues. Petitioner states that the day after he filed this federal habeas petition, he moved for post-conviction relief in state court as to "the identical arguments and identical brief which are before this Court." (ECF No. 7, PageID.63). Petitioner is pursuing his unexhausted claims in state court, as he must before the Court may rule on the merits of his claims. He has not shown good cause for a stay, and dismissal of the Petition without prejudice is appropriate.

**ACCORDINGLY, IT IS ORDERED**:

1. Petitioner's Motion to Stay (ECF No. 7) is **DENIED**.
2. Respondents' Motion to Dismiss for Failure to Exhaust (ECF No. 9) is **GRANTED**.
3. Petitioner's petition for habeas corpus relief is **DISMISSED WITHOUT PREJUDICE**.

This case is **CLOSED**.

**SO ORDERED AND ADJUDGED**, this the 22nd day of February, 2023.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**